IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV379

| | | |
|---|---|---|
| HOME DECOR HOLDING CO., n/k/a HOME DECOR HOLDING, LLC, d/b/a RENIN CORP., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| NEOPORTE, INC., | ) ) | |
| Defendant. | ) ) | |

This matter is before the court upon Plaintiff Renin Corp.'s ("Renin") Motion to Enjoin Neoporte from Proceeding in a Second-Filed Action.

Neoporte, a California corporation, manufactures and sells high-quality doors under the mark NEOPORTE. Plaintiff Renin manufactures and distributes interior closet doors under the brand name NUPORTE. Home Depot has an exclusive sales agreement with Renin regarding the sale of NUPORTE doors on Renin's behalf to retail customers. When Neoporte discovered that Home Depot was selling doors bearing the mark NUPORTE, Neoporte contacted Home Depot and advised it that Neoporte was of the view that the NUPORTE mark was infringing Neoporte's NEOPORTE mark. Home Depot referred Neoporte to Renin and all the parties began preliminary settlement discussions. On September 6, 2007, Renin filed the present action for a declaratory judgment of non-infringement of Neoporte's claimed mark. Although Renin notified Neoporte of the suit, it did not serve Neoporte and continued settlement discussions. When the settlement efforts failed, Neoporte filed suit against Home Depot in a California federal court on December

1

7, 2007, alleging infringement and unfair competition.  On December 10, 2007, Renin served

Neoporte in the present suit.

Renin asserts in the present motion that the "first-filed " rule mandates that Neoporte be

enjoined from proceeding in the later filed California action.  The "first-filed" rule gives priority

to the first suit absent a showing of a balance of convenience in favor of the second-filed action.

The Learning Network, Inc. v. Discovery Commc'ns, Inc., 11 Fed. Appx. 297, 300 (4th Cir. 2001)

(unpublished).  While Renin makes a persuasive case for application of the first-filed rule, the

court finds it unnecessary to engage in the analysis of whether this declaratory judgment action

was anticipatory or whether the balance of convenience tips in favor of this suit or the California

suit.  The fact remains that Neoporte has not sued Renin in California, but has instead chosen to

proceed against Home Depot for separate acts of infringement, i.e., marketing and displaying the

allegedly infringing mark on Home Depot's website.  While Renin may be considered a joint

infringer, Neoporte has chosen to sue Home Depot. Whether or not Renin has agreed to

indemnify Home Depot against claims of trademark infringement is of no consequence. See

International Nickel Co. v. Ford Motor Co., 108 F.Supp. 833 (D.C.N.Y. 1952) (refusing to enjoin

suit against a customer for separate act of infringement even though manufacturer had agreed to

indemnify customer).  Renin is not a party to the California action.  Since these two cases do not

involve the same parties, the court finds that the "first-filed" rule is inapplicable. Accordingly,

IT IS THEREFORE ORDERED that the Plaintiff's Motion to Enjoin Neoporte from

Proceeding in a Second-Filed Action is hereby DENIED.  However, the court will consider

putting this case on an expedited case management track, and the parties should be prepared to discuss this at the pre-trial conference.

Signed: April 22, 2008

Graham C. Mullen
United States District Judge